COOKS, J.,
concurring in the result.
| jAlthough I agree with the majority’s conclusion to affirm the WCJ’s judgment denying penalties and attorney fees, I do not agree with the reasons it relies on for that decision. The majority finds the employer is entitled to rely on the Medical Director’s decision and abide by it. I believe this reasoning ignores the provisions of La.R.S. 23:1201(F) which provides for the award of penalties and attorney fees for an employer’s “failure to provide payment in accordance with this Section ...” The employer’s denial of benefits was based on the same medical records relied upon by the Medical Director which the majority correctly finds “directly contradicted” Rich’s conclusion that the requested procedure should be denied as not in *1021 line with the MTG. When the employer denied the requested treatment it was not relying on a decision by the Medical Director. The employer’s actions must be gauged at the time of its initial refusal. The mere fact that the Medical Director agreed with the employer does not exonerate the employer for its actions if it acted improperly. The workers’ compensation statutes make no, such exception. Louisiana Revised Statute 23:1201(F)(2) provides: “This subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.” However, other evidence in the record, other than the Medical Director’s opinion, does not suggest the WCJ erred in finding the employer did not act unreasonably |2or capriciously in denying the doctor’s request for the injections. Thus, there is no basis to overturn the WCJ’s decision regarding penalties and attorney fees.